UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

JA-FATHER DOE 1 and JA-MOTHER
DOE 1, individually and as parents and
natural guardians of JA-MINOR DOE 1,
a minor child,

Case No.: _____

        Plaintiffs,

**COMPLAINT**

v.

ANTON JOSEPH LAZZARO,

        Defendant.

Plaintiffs, for their cause of action against Defendant, allege that:

## INTRODUCTION

1. This is a case arising out of the sex trafficking of a 16-year-old minor by a politically-connected and wealthy adult, Anton "Tony" Lazzaro. As discussed below, Lazzaro used his power, wealth, influence, connections, and resources to recruit children as part of a predatory enterprise of perversion wherein he used whatever means he could to gain their trust so that he could prey on them. When it became clear that Lazzaro had committed serious crimes, he attempted to coerce his victims and their families into keeping silent. The impact of Lazzaro's predation has caused significant harm to Plaintiffs' family, as discussed below.

## PARTIES

2. Plaintiff JA-Minor Doe 1 (hereinafter "Minor Doe") is a pseudonym protecting the identity of a minor child residing in the State of Minnesota. The identity of the Plaintiff will be disclosed under separate cover to Defendant Lazzaro.

3. Plaintiff JA-Father Doe 1 (hereinafter "Father Doe") is a pseudonym protecting the identity of Minor Doe. Plaintiff Father Doe is an adult resident of the State of Minnesota and is the parent and natural guardian of Plaintiff Minor Doe.

4. Plaintiff JA-Mother Doe 1 (hereinafter "Mother Doe") is a pseudonym protecting the identity of Minor Doe. Plaintiff Mother Doe is an adult resident of the State of Minnesota and is the parent and natural guardian of Plaintiff Minor Doe.

5. At all times material, Defendant Anton Joseph Lazzaro ("Lazzaro") was an adult resident of the State of Minnesota, residing at 201 11th Street South, #1920, Minneapolis, Minnesota 55402.

## JURISDICTION

6. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18. U.S.C. § 1595 because it arises out of violations of the Trafficking Victims Protection Reauthorization Act (18 U.S.C. §§ 1589 *et seq.*).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FACTS

8. Defendant Lazzaro is an adult male residing in Minneapolis. He is a self-described entrepreneur, with involvement in dozens of businesses across the country. Lazzaro has several powerful political connections that he has leveraged and is the founder of a political action committee.

9. Lazzaro was closely and publicly aligned with prominent political figures, including a former chairperson of a major political party in Minnesota.

10. Lazzaro often flaunted his wealth and high-powered political connections to the public and on social media. For example, Lazzaro posted pictures of himself carrying tens of thousands of dollars in cash, sitting atop a private jet, and driving in his Ferrari. Lazzaro's image could be found online next to several noteworthy politicians, political figures, and prominent members of the media. Upon information and belief, Lazzaro actively displayed his wealth and political connections as a means to intimidate and coerce others.

11. Upon information and belief, Gisela Castro Medina ("Medina") met Lazzaro through a website called "Seeking Arrangement," also known as "Seeking," a website described as a dating platform for "sugar dating," wherein a "sugar daddy" and "sugar baby" enter into a relationship "that offers financial support in exchange for companionship and possibly sex."[1]

12. At some point in time in 2020, Lazzaro engaged Medina in an enterprise wherein Lazzaro would become a sexual ringmaster and Medina would find him young women and children under the age of 18 for sex in exchange for money and gifts.

13. Upon information and belief, Medina targeted girls and women that she knew or that she discovered on social media and introduced them to Lazzaro in exchange for money and gifts.

14. Minor Doe was one of the minor children that Medina and Lazzaro targeted for sex trafficking as a part of their enterprise.

**Grooming of Minor Doe by Lazzaro and Medina**

15. In approximately 2018, when Plaintiff Minor Doe was approximately 14 years of age, she became acquainted with Medina, who at the time was approximately 16 years of age. The two established a social friendship. Plaintiff Minor Doe trusted Medina because of this friendship.

---

[1] https://www.nytimes.com/2018/10/15/style/sugar-dating-seeking-arrangement.html (accessed September 3, 2021)

3

16. In approximately May of 2020, Plaintiff Minor Doe was 16 years of age. At about this time, Medina recruited Minor Doe to meet Lazzaro.

17. In approximately late May of 2020, Medina began grooming Minor Doe to be trafficked by introducing her to Lazzaro and establishing him as a powerful, prominent and wealthy businessman and political figure.

18. Medina introduced Lazzaro to Minor Doe in person, using Minor Doe's established trust with Medina to create trust with Lazzaro, who was seeking to sexually exploit the Minor Doe for himself.

19. From approximately May to July, 2020, Lazzaro arranged for cars to bring Minor Doe to his home on several occasions.

20. From approximately May to July, 2020, where Lazzaro committed multiple commercial sex acts against the Minor Doe, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a), including but not limited to recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, and soliciting commercial sex acts with a minor child below the age of 18 years of age.

**Coercion via Non-Disclosure Agreement**

21. After months of repeated sex trafficking of the Minor Doe by Lazzaro, Lazzaro attempted to coerce Plaintiffs' silence through Lazzaro's attorneys and to cover-up his illegal activity with a non-disclosure agreement.

22. On approximately July 29, 2020, Plaintiff Father Doe received a phone call from attorney Daniel Adkins of North Star Criminal Defense in St. Paul, Minnesota, on behalf of Lazzaro and Medina and offering Plaintiffs hush money and a non-disclosure agreement – a gag

order – to require them to keep silent about Lazzaro's sex trafficking activities so Lazzaro could continue the sex trafficking enterprise.

23. Attorney Adkins suggested that Minor Doe was "aggressively seek[ing] to defame our clients" on social media, referencing both Lazzaro and Medina. The proposed agreement sent to Father Doe by Attorney James Gempeler of North Star Criminal Defense threatened Father Doe and Minor Doe with alleged claims for "disparaging social media posts, whether all are true or not" and "a potential damage to property claim."

24. The proposed agreement admits "Mr. Lazzaro and [Minor Doe] had a consensual interaction in the recent past."

25. The proposed agreement offers a payment of $1,000 in exchange for Plaintiffs agreeing not to publicly disparage Lazzaro or Medina. It demands that Plaintiffs "not disclose the nature of the prior interaction with Mr. Lazzaro to the public" with the intention of continuing the criminal sex trafficking enterprise.

26. Plaintiff Father Doe declined to enter into the proposed agreement and instead reported Lazzaro to law enforcement.

**Damages**

27. As a direct result of the sexual abuse, Plaintiff Minor Doe has suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, embarrassment, loss of self-esteem, humiliation and psychological injuries, sexual confusion, depression, was prevented and will continue to be prevented from performing her normal daily activities and obtaining the full enjoyment of life, has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

28. As a direct and proximate result of the sexual abuse and trafficking of their daughter

5

by Lazzaro, Plaintiffs Father Doe and Mother Doe have suffered loss of consortium damages relating to the above-described injuries to their daughter, Minor Doe.

29. Plaintiffs Father Doe and Mother Doe are reasonably certain to suffer further loss of consortium damages in the future as a direct and proximate result of the above-described sexual abuse and trafficking of Minor Doe, and the obstruction that followed by Lazzaro.

30. As a direct and proximate result of the sexual abuse and trafficking of their daughter by Lazzaro, Plaintiffs Father Doe and Mother Doe have incurred medical, economic, and other special damages and are reasonably certain to suffer further expenses and special damages in the future.

31. Plaintiffs have incurred and will continue to incur attorney fees as a result of this civil action.

## COUNT I: SEX TRAFFICKING OF A MINOR

32. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further allege:

33. From approximately May of 2020 to July of 2020, Lazzaro committed multiple acts in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a), including but not limited to recruiting, enticing, harboring, transporting, providing, obtaining, maintaining, and soliciting commercial sex acts with a minor child, Minor Doe, who was below the age of 18 years of age.

34. As part of the sex trafficking of Minor Doe, Lazzaro relied on the perception he had created that he was a powerful and well-connected man to coerce Minor Doe.

35. As part of the sex trafficking of Minor Doe, Lazzaro relied on the participation of Medina, an adult in whom Minor Doe had a great deal of trust, in order to coerce Minor Doe.

36. Plaintiffs suffered the damages described above from Lazzaro's violations of 18 U.S.C. §§ 1591(a)(1) and 1594(a).

37. Plaintiffs are entitled to recover their damages and reasonable attorney fees from Lazzaro pursuant to 18 U.S.C. § 1595.

## COUNT II: OBSTRUCTION

38. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further allege:

39. Lazzaro contacted Minor Doe and her parents through his attorneys and tried to cover up what he had done to Minor Doe and attempted to silence Plaintiffs with a hush money payment so that he could continue the criminal enterprise.

40. As part of the attempted negotiation to enter into the nondisclosure agreement, Lazzaro, through his attorneys, threatened Minor Doe and her family with specious legal actions, including defamation for admittedly true statements. Lazzaro attempted to coerce Minor Doe and her family into silence, which would allow Lazzaro to continue his criminal enterprise and avoid exposure of his criminal enterprise.

41. Lazzaro's effort to silence Plaintiffs through his attorneys was an overt obstruction of the enforcement of the federal sex trafficking laws that he had violated, including but not limited to 18 U.S.C. § 1591(a), which is itself a violation of 18 U.S.C. § 1591(d).

42. Plaintiffs suffered damages and attorney fees from Lazzaro's obstruction, described above.

43. Lazzaro is responsible for Plaintiffs' damages pursuant to pursuant to 18 U.S.C. § 1595.

## COUNT III: CONSPIRACY

44. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further allege:

45. Defendant Lazzaro had an agreement with others to accomplish human trafficking through unlawful means.

46. As ringleader of the sex trafficking enterprise, Lazzaro relied on the participation of Medina, an adult whom Minor Doe had a great deal of trust, as a recruiter in order to coerce Minor Doe.

47. Defendant Lazzaro agreed to a criminal sex trafficking enterprise of minor children, including Minor Doe, through the use of coercion and threats to their physical and social well-being. Every act of sexual exploitation was an overt act in furtherance of the conspiracy. Financial benefits conferred upon members of the conspiracy in return for their proffering of children for sexual exploitation are additional overt acts in furtherance of the conspiracy.

48. Defendant Lazzaro agreed and conspired to maintain secrecy regarding the sexual exploitation of Minor Doe in order to protect himself and others financially and politically. The failure of any member of the conspiracy to report Minor Doe's abuse constitutes an ongoing overt act of the conspiracy on the part of Lazzaro and the other members of the conspiracy.

49. Lazzaro's participation in the conspiracy to traffic Minor Doe and his participation in the conspiracy to silence Minor Doe and her family are in violation of 18 U.S.C. §§ 1591(a) and 1591(d), among other federal statutes. Plaintiffs are entitled to bring this civil claim for damages pursuant to 18 U.S.C. § 1595.

50. Plaintiffs suffered damages and attorney fees directly from the conspiracy described above.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount to be proven at trial plus costs, disbursements, reasonable attorney fees, interest, and whatever other relief the Court deems just and equitable.

DEMAND IS HEREBY MADE FOR A TRIAL BY JURY.

Respectfully submitted,

Dated: September 7, 2021.   JEFF ANDERSON & ASSOCIATES, P.A.

By: Jeffrey R. Anderson, #2057
Patrick Stoneking, #0348569
Stacey J. Benson, #0399718
Attorneys for Plaintiffs
366 Jackson Street, Suite 100
St. Paul, MN 55101
(651) 227-9990

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions, including costs, disbursements, and reasonable attorney fees, may be awarded pursuant to Minnesota Statute Section 549.211 to the party against whom the allegations in this pleading are asserted.