UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JA-FATHER DOE 1 and JA-MOTHER DOE 1, individually and as parents and natural guardians of JA-MINOR DOE 1, a minor child,<br><br>  Plaintiffs,<br><br>v.<br><br>ANTON JOSEPH LAZZARO,<br><br>  Defendant. | Case No.: 0:21-cv-1985-WMW-JFD<br><br>**PLAINTIFFS' MEMORANDUM OF LAW TO PROCEED UNDER PSEUDONYMS** |

## INTRODUCTION

This case arises out of the sex trafficking of a minor child. Because of the sensitive nature of these allegations and the involvement of a child, Plaintiffs respectfully request permission to proceed under pseudonyms. As discussed below, the use of pseudonyms is wholly consistent with the applicable legal standards to protect the identity of this child, who was the victim of sensitive crimes of an undeniably private nature.

## FACTS

Plaintiffs filed this action alleging sex trafficking, obstruction, and conspiracy in violation of 18 U.S.C. § 1591(a)(1). (Compl. at ¶¶ 32-50). Plaintiff JA-Minor Doe 1 ("Minor Doe") is currently under the age of 18 and Plaintiffs JA-Father Doe 1 ("Father Doe") and JA-Mother Doe 1 ("Mother Doe") are her parents. (Compl. ¶¶ at 2-4).

The allegations in this action relate to the sex trafficking of Minor Doe when she was 16 years of age. (Compl. at ¶ 16).

## ARGUMENT

In determining whether to allow a plaintiff to proceed anonymously, the court weighs "the party's need for anonymity" against "prejudice to the opposing party and the public's interest in knowing the party's identity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). While there is "obvious and compelling" interest in public proceedings, "a small number of court-created exceptions" permit anonymity. *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998). "Any First Amendment right of access … [is] qualified, not absolute." *Webster Groves School Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1374 (8th Cir. 1990).

The interest in protecting the identity of minors is particularly strong: "Safeguarding the physical and psychological well-being of a minor is a compelling state interest." *Id.* at 1375, quoting *Globe Newspaper Co.*, 457 U.S. at 607, 102 S.Ct. at 2620.

While there is no express standard to guide the court in balancing competing concerns, courts have considered the following five factors in deciding whether to allow the use of fictitious names: "1) whether the plaintiff is challenging governmental activity, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *Doe No. 2* at 195; *see also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-1316 (11th Cir. 2011).

Therefore, in a civil suit in federal court, a plaintiff may proceed anonymously with a showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings…". *Plaintiff B v.*

*Francis,* 631 F.3d 1310, 1315-16 (11th Cir. 2011)(internal citations omitted). Indeed "in evaluating whether a plaintiff has shown that he has such a right, the court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.* (internal citations omitted).

Considering the requisite factors and the circumstances of this case in which a minor child and her parents are making claims arising out of sex trafficking, the use of a pseudonym is wholly appropriate.

### 1. PSEUDONYMS ALLOW SURVIVORS OF SEX TRAFFICKING TO COME FORWARD AND AVOID REAL HARMS FROM PUBLICIZING THEIR IDENTITIES.

There is a strong public interest in preventing sex trafficking of children and another strong public interest ensuring that trafficking victims, like the minor Plaintiff here, are granted access to the courts where their cases may be fairly adjudicated. However, this goal cannot be achieved if litigants are chilled from ever reaching the courthouse steps for fear of repercussions that would follow if their identities were forced to be made public.

Child sexual abuse inflicts lifelong harm, often psychologically damaging victims into adulthood. (*See* Aff. of Susan Phipps-Yonas, Ph.D., L.P. (hereinafter "Aff. of Phipps-Yonas")). Many victims fear coming forward because of the shame, stigmatization, humiliation and embarrassment they experience long after the sexual acts. (*Id.*) Mandating public identification will dissuade these victims from pursuing meritorious claims because of the risk of further psychological harm. (*Id.*) The public has an interest in protecting the privacy of plaintiffs so that plaintiffs are not discouraged from asserting their claims. *See Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). The public also has an interest in protecting plaintiffs'

identities "so that other victims will feel more comfortable suing to vindicate their rights." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001).

As stated by the Sixth Circuit Court of Appeals, "a historic social stigma attach[s] to victims of sexual violence." *Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998). This tradition of "blaming the victim" sets "victims apart from those of other violent crimes." *Id.* "The interest in protecting victims of sexual violence from humiliation, among other injuries, has prompted states to pass rape shield laws and to advocate against the publication of rape victims' names." *Id.* Federal law similarly supports courageous sexual abuse victims who confront their abusers. *See* FED. R. EVID. 412 (limiting character evidence of victims of sexual abuse). Indeed, Minnesota has a rape shield law. *See* Minn. Stat. § 609.347 (rape shield law). Denying child abuse victims the right to pursue civil cases anonymously would lead to an impossible position for child sexual abuse victims – allowing them to pursue justice only at the cost of revealing their identities and associating their names with the horrible details of their sexual abuse as children. Faced with this proposition, many victims would have to forego filing meritorious claims. This effectively denies victims of sexual abuse access to the courts.

Weighed against the interest in allowing victims to litigate their cases, the presumption of open access is easily overcome. The public's interest is not hindered by not knowing Plaintiffs' true names. *See Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705 (1973); *see also Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (protecting a plaintiff's identity does not impede the public's ability to follow the proceedings). Plaintiffs agree that these issues are important for the public to follow. Plaintiffs have filed a public action which allows the public the ability to access the proceedings while maintaining confidentiality of Plaintiffs' identities. As the public's access is only slightly

impeded by not knowing Plaintiffs' identities, Plaintiffs should be permitted to maintain their anonymity.

## 2. THIS CASE INVOLVES DISCLOSURE OF INFORMATION OF THE UTMOST INTIMACY.

"Where the issues involved are matters of a sensitive and highly personal nature … the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (internal citation omitted). Here, the normal practice of public disclosure should yield to protect Plaintiffs' privacy regarding this very sensitive matter.

Plaintiff Minor Doe was a child when she was sexually trafficked and she is still a child under the age of 18. The issues involved could not be of a more sensitive and highly personal nature. Plaintiffs have already suffered significant damages of undeniably private nature that will be revealed, including particulars that potentially involve lasting social stigma like sexual confusion and mental illness.

Courts across the country have held similar circumstances to be sensitive and highly personal enough to warrant anonymity in civil cases. *See Doe v. City of Minneapolis*, 898 F.2d 612, 613 n. 1 (8th Cir. 1990) (adult plaintiff challenging ordinance prohibiting adult bookstores); *Doe v. Dept. of Transp., Fed. Aviation Admin.*, 412 F.2d 674, 675 (8th Cir. 1969) (plaintiff challenging administrative decision denying plaintiff certificate based on homosexuality); *Plaintiff B. v. Francis*, 631 F.3d 1310 (11th Cir. 2011) (district court abused discretion in not allowing plaintiffs who were sexually exploited as minors to maintain anonymity); *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) (adult plaintiff who was sexually abused as a minor permitted to proceed anonymously); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) (plaintiff could be anonymous where she had not disclosed her mental illness to coworkers);

5

*United States v. Doe*, 655 F.2d 920, 922 (9th Cir. 1981) (defendant's name concealed to prevent harassment and injury). The United States Supreme Court has also implicitly endorsed the use of pseudonyms to protect a plaintiff's privacy. *See e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705 (1973) (abortion); *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739 (1973 (abortion); *Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752 (1961) (birth control).

Exceptional circumstances that warrant the use of fictitious names include protecting the privacy of children, rape victims and other particularly vulnerable parties or witnesses. *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869. 872 (7th Cir. 1997); *see also Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004) (use of fictitious name is appropriate where plaintiff is a minor, rape or torture victim or was subject to sexual assault).

Here, the sensitive nature of child sexual abuse permits anonymity.  The 11th Circuit articulated the particularized gravity and traumatic nature of the sexual exploitation of children, just as the childhood sexual abuse at issue here: "The issues involved in this case could not be of a more sensitive and highly personal nature—they involve descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities." *Plaintiff B v. Francis*, 631 F.3d 1310, 1317 (11th Cir. 2011).  Just as in *Plaintiff B*, Plaintiff Minor Doe was a minor at the time of the sexual abuse, coerced into the conduct by Defendant. Additionally, Plaintiff Minor Doe was subject to physical invasion of her body, consistent with the facts of *Plaintiff B*.

This case is unlike *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 where the court found that the plaintiff could not proceed in the sexual harassment lawsuit using a pseudonym.  In *Luckett*, the plaintiff was an adult at the time of the alleged conduct, not a minor as in this matter. *Id.* Also, in *Luckett* the conduct was discrimination, innuendo or coercion unlike the criminal

6

sexual conduct at issue here. *Id.* These distinctions are important as the law protects the anonymity of sexual assault victims precisely because of the unique invasion of privacy sexual abuse entails. *See* Minn. Stat. § 609.347 (rape shield law). "Sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy…[t]hey have a right to expect that this violation will not be compounded by a further invasion of their privacy." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 196 (internal citation omitted).

Although courts have denied the use of pseudonyms for victims of sexual assault, even when the plaintiffs allege they would suffer personal embarrassment by forced disclosure of their identities, in those cases, the plaintiffs were adults at the time they were sexually assaulted. *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir.1992); *Doe v. Del Rio,* 241 F.R.D. 154, 159–62 (S.D.N.Y.2006) (holding that plaintiffs alleging sexual abuse by police officer could not proceed anonymously); *Doe v. Shakur,* 164 F.R.D. 359, 360–62 (S.D.N.Y.1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous).

Here, the Plaintiff Minor Doe is a minor, and Plaintiffs Mother Doe and Father Doe are her parents. Recognizing the sensitive and highly personal nature of child sexual abuse here, the weight of this factor alone should be sufficient to permit Plaintiffs to proceed anonymously.

### 3. IDENTIFYING PLAINTIFF PUBLICLY PUTS HER AT RISK OF SUFFERING PHYSICAL AND MENTAL INJURY.

To date, Plaintiffs have been able to avoid publicly disclosing their identities. Their identities have not been publicly disclosed through the related criminal litigation and Plaintiffs have not publicized what happened to Plaintiff Minor Doe in any way. Privacy and anonymity is a great concern to Plaintiffs, especially Plaintiff Minor Doe. For survivors of childhood sexual abuse and sex trafficking, if their identities are made public, the likelihood of suffering aggravated

shame and stigmatization greatly increases, which can cause ongoing PTSD, depression, psychological distress and social problems. (Aff. of Phipps-Yonas)

Courts have long recognized that where litigants may suffer extreme distress or danger from their participation in a lawsuit, proceeding anonymously is warranted. *Lozano v. City of Hazelton*, 496 F.Supp.2d 477, 505 (M.D. Pa. 2007) *aff'd in part, vacated in part*, 620 F.3d 170 (3d Cir. 2010) (reversed on other grounds) (citing *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1063 (9th Cir. 2000); *Doe v. City of Chicago*, 360 F.2d 667, 669. In *Doe No. 2 v. Kolko*, 242 F.R.D. 193, the court held that fear of retaliation and ostracism from members of the plaintiff's community was sufficient evidence that disclosure would be a serious risk of harm to plaintiff's mental health. *Id.* at 196.

Public disclosure of Plaintiffs' identities, where Plaintiffs have not shared their experience with even their closest relatives, would subject Plaintiff Minor Doe to a great risk of further trauma and emotional distress. (*See* Aff. of Phipps-Yonas). Public disclosure of their names may not only impede Minor Doe's recovery and harm her mental health, it will also inflict serious pain on their family. Plaintiffs should not be forced to publicly disclosure their identities as the price for justice.

4. **NO OTHER FACTOR OF THE APPLICABLE TEST COUNSELS AGAINST THE USE OF A PSEUDONYM HERE.**

Defendant is aware of Plaintiffs' names and identifying information about Plaintiffs which will enable him to conduct discovery and defend his case. Thus, the consideration of fairness to the defendant cited by some courts to weigh in favor of disallowing pseudonyms is not present here. Finally, Plaintiffs here are not challenging government activity.

## CONCLUSION

Given the sensitive and highly personal nature of the issues in these cases and the risk of subjecting the Plaintiff Minor Doe to additional trauma if forced to disclose her identity publicly

8

in a case of utmost intimacy, Plaintiffs should be permitted to proceed with their cases using pseudonyms. Weighing the interest of access to courts for plaintiffs, victims of a crime of sexual assault of a minor, against the First Amendment interest in 'truly public' proceedings, a compromise is reached by allowing these cases to remain public actions without disclosing Plaintiffs' identities.

Respectfully submitted,

Dated: September 7, 2021.

JEFF ANDERSON & ASSOCIATES, P.A.

By: Jeffrey R. Anderson, #2057
Patrick Stoneking, #0348569
Stacey Benson, #0399718
Attorneys for Plaintiffs
366 Jackson Street, Suite 100
St. Paul, MN 55101
(651) 227-9990