UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 21-cv-1985 (WMW)

| | |
|---|---|
| JA-FATHER DOE 1 and JA-MOTHER DOE 1, individually and as parents and natural guardians of JA-MINOR DOE 1, a minor child,<br>    Plaintiffs,<br><br> v.<br><br>ANTON JOSEPH LAZZARO,<br><br>    Defendant. | **GOVERNMENT'S UNOPPOSED MOTION TO INTERVENE AND STAY CASE** |

  The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Angela M. Munoz, Emily A. Polachek, and Laura M. Provinzino, Assistant United States Attorneys, hereby moves the Court pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for intervention as of right in this civil action and, pursuant to 18 U.S.C. § 1595(b)(1), for a mandatory stay of these proceedings. As explained herein, through § 1595(b)(1), Congress expressly provided for a mandatory stay of sex trafficking and related civil claims where, as here, there is an ongoing criminal prosecution relating to the same alleged conduct.

  The Government has conferred with counsel for both parties. Neither party opposes the Government's requests to intervene and to stay the proceedings.

## BACKGROUND

  Defendant Anton Joseph Lazzaro has been charged by indictment on August 11, 2021, with one count of conspiracy to commit sex trafficking, five counts of sex trafficking

of a minor, one count of attempted sex trafficking of a minor, and three counts of obstructing a sex-trafficking investigation. *United States v. Lazzaro*, No. 21-cr-173-01 (WMW/DTS). That case is currently pending before this Court. After Lazzaro was charged in federal court, the plaintiffs in this civil case brought suit on September 7, 2021, against Lazzaro under the federal sex trafficking statutes, 18 U.S.C. §§ 1591, *et seq.*, for the same conduct charged in the pending criminal case.

The Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), authorizes victims of violations of the federal criminal sex trafficking statutes to bring a civil action against the perpetrators. Because of the direct relation between the civil cause of action and the federal criminal statutes, the TVPRA also includes a mandatory stay provision, requiring that any civil action filed under the TVPRA "*shall* be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1) (emphasis added). The TVPRA further provides that " 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2).

## ARGUMENT

### I. The Government Should Be Permitted To Intervene as of Right

Rule 24(a) of the Federal Rules of Civil Procedure permits intervention as of right where the movant files a timely motion and either: (1) the movant "is given an unconditional right to intervene by a federal statue," or (2) the movant shows an interest in the litigation, that its interest may be impaired by the disposition of the action, and that its interest is not adequately protected by the parties to the action. Fed. R. Civ. P. 24(a)(1),

24(a)(2). The Court should permit the Government to intervene as of right under both of these provisions.

First, implicit in Congress's passage of the TVPRA's mandatory stay provision is the Government's "unconditional right to intervene" in related civil litigation, as intervention is the only way for the Government to move for and obtain the stay to which it is statutorily entitled.

Second, the Government clearly has an interest in the civil litigation that is not adequately protected by the parties to the action. The Government's prosecution of Lazzaro involves many of the same facts, the same witnesses, and the same conduct as those at issue in this civil lawsuit. Indeed, the plaintiffs' sex trafficking claims are also based on the same federal statutes charged in the criminal prosecution. Those statutes are enforced, first and foremost, by the Department of Justice. Plainly, the Government has a substantial interest that cannot be adequately protected absent its ability to intervene and seek a stay.

Finally, the Government's motion to intervene is timely because the civil action was filed less than two weeks ago and has not yet progressed beyond the filing of the civil suit itself.

For these reasons, the Government should be permitted to intervene as of right, pursuant to Rule 24(a).

## II.   A Stay Is Required Under Section 1595(b)(1)

As set forth above, this civil action, which alleges violations of 18 U.S.C. §§ 1591, *et seq.*, has been filed, in part, under the TVPRA, 18 U.S.C. § 1595(a). The Act specifically

provides that: "Any civil action filed under this section *shall be stayed* during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1) (emphasis added). "A criminal action includes any investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2). Congress was explicit in its reasons for including this provision in the Act: "We believe that prosecutions should take priority over civil redress and that prosecutions should be complete prior to going forward with civil suits." H.R. Rep. No. 108–264, pt. 2, at 17 (2003). Where plaintiffs initiate civil suits before the conclusion of a criminal prosecution, a stay is necessary to ensure that the civil case does not "hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery." *Id.*

It is clear that the requirements of 18 U.S.C. § 1595(b)(1) are met here. The instant civil lawsuit was brought by the victim identified as Minor A in the pending criminal prosecution and her guardians. And the claims alleged by the plaintiffs mirror the conduct charged in the pending criminal prosecution. As such, § 1595(b)(1) requires that the civil action be stayed pending the resolution of the Government's prosecution of Lazzaro.

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's request to intervene in this civil case as of right and should stay the civil lawsuit pending resolution of the criminal case against Defendant Lazzaro.

.

Dated: September 23, 2021

    Respectfully Submitted,

    W. ANDERS FOLK
    Acting United States Attorney

    *s/ Emily Polachek*

    BY:  EMILY A. POLACHEK
    Attorney Reg. No. 390973
    ANGELA M. MUNOZ
    Attorney Reg. No. 389207
    LAURA M. PROVINZINO
    Attorney Reg. No. 0329691
    Assistant United States Attorneys

    United States Attorney's Office
    300 South Fourth Street, Suite 600
    Minneapolis, MN  55415
    612-664-5600