UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JA-FATHER DOE 1 and JA-MOTHER DOE 1, individually and as parents and natural guardians of JA-MINOR DOE 1, a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>ANTON JOSEPH LAZZARO,<br><br>Defendant. | Case No. 21-cv-1985 (WMW/JFD)<br><br><br><br>**ORDER** |

This matter is before the Court on the Government's Unopposed Motion to Intervene and Stay Case (Dkt. No. 15).[1] Assistant United States Attorney Emily Polachek represents the potential intervenor United States of America; Jeffrey Anderson, Esq. represents the Plaintiffs; and no counsel has entered an appearance for Defendant Anton Joseph Lazzaro.[2] For the reasons set forth below, the Court grants the motion for intervention pursuant to Federal Rule of Civil Procedure 24(a)(1) and (2) and for a stay of

---

[1] The Court does not rule on Plaintiffs' Motion to Proceed Under Pseudonyms (Dkt. No. 8) at this time. The Court allowed Plaintiffs to proceed temporarily under pseudonyms in an Order dated September 16, 2021 (Dkt. No. 14), and that Order remains in effect until further order of the Court. The October 12, 2021 hearing on the Motion to Proceed Under Pseudonyms is canceled and will be rescheduled when appropriate.

[2] An "Acceptance of Service" signed by attorney Stacey L. Sever was filed by Plaintiffs' counsel on September 23, 2021 (Dkt. No. 16), but there has been no formal appearance by any attorney for Defendant Lazzaro.

this civil case during the pendency of the criminal case, *United States v. Lazzaro*, No. 21-cr-173 (WMW/DTS), pursuant to 18 U.S.C. § 1595(b)(1).

## Procedural Background

On August 11, 2021, in *United States v. Lazzaro*, No. 21-cr-173 (WMW/DTS), a grand jury of this District handed down an indictment against Defendant Lazzaro charging him with: Count One, Conspiracy to Commit Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591, 1594; Counts Two through Six, Sex Trafficking of a Minor (one victim per count, denominated Victims A–E), in violation of the same statutory provisions; Count Seven, Attempted Sex Trafficking of a Minor, in violation of the same statutory provisions; and Counts Eight through Ten, Obstruction of the enforcement of the sex trafficking laws, in violation of 18 U.S.C. § 1591. Indictment, *United States v. Lazzaro*, No. 21-cr-173 (WMW/DTS) (D. Minn. filed Aug. 11, 2021) (Dkt. No. 1). All the statutes comprising the bases of the charges are part of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589, *et seq.* (the "TVPRA").

On September 7, 2021, Plaintiffs filed this civil lawsuit against Defendant Lazzaro, seeking damages under the TVPRA for several of the same acts alleged in the Indictment. (*See* Compl. ¶¶ 20, 27–31, 33, 36, 41, 43, 49 (Dkt. No. 1).) Plaintiff's Complaint does not allege the violation of any other statute.

## Discussion

**Intervention**

Federal Rule of Civil Procedure 24 sets out the standards for intervention in an ongoing civil action. Rule 24(a) permits intervention as of right, and Rule 24(b) authorizes permissive intervention. The United States seeks to intervene only as of right.

Rule 24(a) states:

On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest.

Fed. R. Civ. P. 24(a). The Government seeks to intervene of right under subsections (1) and (2).

The Government argues that an unconditional right to intervene is implicit in the TVPRA. That statute provides in relevant part: "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). Subsection (a) creates a civil cause of action through which sex trafficking victims may sue the perpetrators of certain sex crimes. 18 U.S.C. § 1595(a).

Although the TVPRA does not *explicitly* grant the Government an unconditional right to intervene, the Court finds the TVPRA *implicitly* grants that right. The mandatory stay provision of the TVPRA could be ineffective unless the Government has an

unconditional right to intervene and invoke it. Several courts have considered the legislative history of the TVPRA and determined that the purpose of the mandatory stay provision is to safeguard the Department of Justice's "ability to try criminal cases 'unfettered by the complications of civil discovery.'" *Plaintiff A v. Schair*, 744 F.3d 1247, 1254 (11th Cir. 2014) (quoting H.R. Rep. No. 108-264(II), at 17 (2003)); *see also Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 4:10-cv-04124, 2011 WL 5188424, at *2–3 (W.D. Ark. Oct. 31, 2011) (further noting the Government could "intervene and file a notice of stay"). To effect the purpose of the mandatory stay provision, the United States must have an unconditional right to intervene and file a notice of stay or a motion to stay the civil action. The Court therefore finds that the Government may intervene in this case as of right pursuant to Rule 24(a)(1).

The Government also satisfies the criteria for intervention as of right set out in Rule 24(a)(2), because the Government has an interest in the subject matter of this civil action, and proceeding with the civil action may "as a practical matter impair or impede" its interest and ability to prosecute the criminal case. Both the criminal case and the civil case center on allegations of sex trafficking of minor victims. Because minors are particularly vulnerable, minors who are alleged to be the victims of sex crimes are protected in various ways under federal criminal law, as are minors who are witnesses to sex crimes. *See* 18 U.S.C. § 3509 (mandating various accommodations in federal criminal procedure for child victims of, and witnesses to, sex crimes). Discovery in the criminal case will proceed under Federal Rule of Criminal Procedure 16 and will likely be more precisely defined and

narrower than discovery in this civil case, in which interrogatories, requests for document production, and requests for admission could be propounded to the minor child and guardians, and their depositions taken, pursuant to Federal Rules of Civil Procedure 30, 33, 34, and 36.

The Court therefore grants the Government's request to intervene as of right under Rule 24(a)(1) and (2).

**Stay**

Title 18 U.S.C. § 1595(b)(1) provides for a mandatory stay of "[a]ny civil action filed under subsection (a) . . . during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." Each cause of action alleged in the civil Complaint filed in this case is brought under 18 U.S.C. § 1595. (Compl. ¶¶ 37, 43, 49.) The Government asserts that the criminal and civil cases arose out of the same occurrences: "The instant civil lawsuit was brought by the victim identified as Minor A in the pending criminal prosecution and her guardians. And the claims alleged by the plaintiffs mirror the conduct charged in the pending criminal prosecution." (Gov't's Mot. Intervene & Stay at 4 (Dkt. No. 15).) The Court has also compared the civil Complaint with the criminal Indictment and finds, based on that comparison and the Government's representations, that the criminal action arose from the same occurrences alleged in the civil action and that the minor child on whose behalf the civil action was brought is one of the minor victims described in the Indictment. Therefore, the Court stays this civil action pursuant to 18 U.S.C. § 1595(b)(1). The Government is directed to file a status update as

soon as the criminal action has concluded, which is defined by 18 U.S.C. § 1595(b)(2) as the "final adjudication in the trial court."

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Unopposed Motion to Intervene and Stay Case (Dkt. No. 15) is **GRANTED**.

2. The Government is allowed to intervene as of right in this civil action pursuant to Federal Rule of Civil Procedure 24(a)(1) and 24(a)(2).

3. This case is **STAYED** during the pendency of the criminal action, *United States v. Lazzaro*, No. 21-cr-173 (WMW/DTS), pursuant to 18 U.S.C. § 1595(b)(1).

4. The Government shall file a status update in this case immediately upon the final adjudication of the criminal case in the trial court.

Dated: September 30, 2021        *s/ John F. Docherty*
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge