UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JA-Father DOE 1 and JA-Mother DOE 1, *individually and as parents and natural guardians of JA-Minor DOE 1*, and JA-MINOR DOE 1, *a minor child*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Anton Joseph Lazzaro,<br><br>　　　　　Defendant. | Case No. 21-cv-1985 (JWB/DJF)<br><br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiffs JA-Father Doe 1, JA-Mother Doe 1 and JA-Minor Doe 1's Motion to Proceed Under Pseudonyms ("Motion") (ECF No. 8). Plaintiffs are suing Defendant for sex trafficking then 16-year-old JA-Minor Doe 1 (ECF No. 1),[1] and are seeking to proceed in this litigation under pseudonyms to protect JA-Minor Doe 1's privacy and prevent this litigation from causing her further trauma. Plaintiffs filed the Motion on September 14, 2021, shortly before the Court stayed this matter on September 30, 2021 pending the outcome of Mr. Lazzaro's criminal trial (ECF No. 17). Prior to entering the stay, the Court ordered that Plaintiffs may proceed under pseudonyms temporarily until the resolution of the Motion (ECF No. 14). For the reasons given below, the Court now fully grants Plaintiffs' request to proceed under pseudonyms in this matter.

---

[1] Defendant was recently found guilty of various sex-trafficking crimes at a jury trial, but the Government has since filed a superseding indictment in the matter. (*See United States v. Lazzaro*, 21-cr-173 (PJS/DTS), ECF Nos. 327, 346.)

1

Plaintiffs argue that the Court should grant the Motion because: (1) allowing victims of sexual abuse to proceed under pseudonyms facilitates their willingness to come forward and avoid real harm from public disclosure of their identity; (2) this litigation surrounds personal and highly sensitive matters; (3) identifying JA-Minor Doe 1 puts her at risk of experiencing further trauma and emotional distress; (4) JA-Minor Doe 1's name or involvement with Defendant has not yet been publicized; and (5) Defendant is not prejudiced because he is aware of Plaintiffs' names and identifying information, which will allow him to conduct discovery and defend his case (ECF No. 10).  Plaintiffs rely extensively on an affidavit from Susan Phipps-Yonas, Ph.D, LP, a psychologist who details how public disclosure of the identity of a victim of child abuse in a court proceeding can and will likely cause multiple negative psychological consequences, such as an increase in or renewed feelings of shame, stigmatization, hopelessness, and loss of control (ECF No. 11).

"Though neither the Supreme Court nor the Eighth Circuit have directly addressed pseudonymous litigation, both courts have allowed parties to use pseudonyms." *Doe v. Innovate Fin., Inc*, Civ. No. 21-1754 (JRT/TNL), 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022). Specifically, "[a] plaintiff may proceed under a pseudonym if (1) they are challenging a governmental activity; (2) prosecution of the suit would compel plaintiff to disclose information of the utmost intimacy; or (3) plaintiff would be compelled to admit their intention to engage in illegal conduct and risk prosecution." *Id.*  The Court may also consider whether: (1) the litigation involves matters that are highly sensitive and of a personal matter; (2) identification presents other harms, and the likely severity of those harms, including whether the injury being litigated against would be incurred as a result of disclosure; (3) the defendant is prejudiced; (4) the plaintiff's identity has thus far been kept confidential; (5) the public's interest in the litigation is furthered by

disclosure of the plaintiff's identity; and (6) there are alternative mechanisms to protecting the plaintiff's confidentiality. *Id.*

Considering this latter list of considerations, the Court finds that all these factors weigh in favor of allowing Plaintiffs to proceed under pseudonyms. The Court finds this litigation does involve matters that are highly sensitive and personal to JA-Minor Doe 1. It also finds public disclosure of her name may result in further harms to JA-Minor Doe 1. (*See* ECF No. 11.) Defendant would not be prejudiced by allowing Plaintiffs to proceed under pseudonyms because he knows their identities. *See Doe v. Tsai*, Civ. No. 08-cv-1198 (DWF/AJB), 2008 WL 11462908, at *4 (D. Minn. July 23, 2008) (granting motion to proceed under pseudonyms and noting, "Defendants know the identities of all their accusers, and shielding the child-Plaintiffs' identities from the public record will not prejudice their case.") To the best of the Court's knowledge, JA-Minor Doe 1's identity has remained confidential throughout the course of Defendant's criminal proceedings. And to the extent there is a material public interest in the identity of an individual subject to child abuse as minor, that interest is substantially outweighed by Plaintiffs' interests in protecting JA-Minor Doe 1's privacy and protecting her from additional harm.[2] (*See* ECF No. 11.) Moreover, there is no alternative mechanism to adequately protect JA-Minor Doe 1's interests in this matter.[3] As these factors all weigh in favor of allowing Plaintiffs to proceed under pseudonyms, the Court grants Plaintiffs' Motion.

---

[2] This is especially true here due to the heightened media attention surrounding Defendant's criminal proceedings.

[3] Because identifying JA-Father Doe 1 and JA-Mother Doe 1 by name would almost certainly result in the identification of JA-Minor Doe 1 by name, the Court concludes that it must allow her parents to proceed under pseudonyms as well.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Proceed Under Pseudonyms (ECF No. [8]) is **GRANTED**. Plaintiffs JA-FATHER DOE 1, JA-MOTHER DOE 1 and JA-MINOR DOE 1 may proceed under pseudonyms throughout these proceedings.

Dated: July 14, 2023                 *s/ Dulce J. Foster*
                                               Dulce J. Foster
                                               United States Magistrate Judge