# JEFF ANDERSON & ASSOCIATES PA
REACHING ACROSS TIME FOR JUSTICE

March 14, 2025

Honorable Dulce J. Foster
United States Magistrate Judge
United States District Court
300 South Fourth Street
Minneapolis, MN  55415

Re:  JA-Father Doe 1 and JA-Mother Doe 1, individually and as parents and natural guardians of JA-Minor Doe 1, a minor child v. Anton Joseph Lazzaro
Court File No.:  21-1985 (JWB/DJF)

Dear Judge Foster:

We apologize that this letter is filed one day late.

Plaintiffs respectfully maintains their position that it is appropriate to lift the stay in this matter. First, the purpose of the stay has been accomplished because Defendant Lazzaro was prosecuted, convicted, and sentenced. Second, much time has passed since Lazzaro's conviction and sentencing, and Lazzaro's choice to pursue multiple time-consuming legal challenges to his conviction should not preclude Plaintiffs from moving forward with their civil claim.

**1. The purpose of the stay in Plaintiffs' civil case has been accomplished because the Government successfully prosecuted Defendant.**

The Court's Order to stay Plaintiffs' civil case has served its statutory purpose. With the stay in place, the Government successfully secured Defendant's conviction. Because Defendant was convicted, the utility of the stay has ended.

"The Trafficking Victims Protection Act was enacted . . . to combat trafficking in persons, ensure the prosecution of traffickers of children, women and men, and to protect the victims of trafficking." H.R. REP. 108-264(I), at 9 (2003). Congress set forth a comprehensive statutory scheme to confront the ever-growing problem of sex trafficking. 18 U.S.C. §§ 1581–1594. In addition to providing avenues for criminal prosecution, the TVPRA created a cause of action for victims of sex trafficking to bring civil claims against their perpetrators. 18 U.S.C. § 1595(a).

ATTORNEYS

JEFFREY R. ANDERSON
Minnesota / Wisconsin
Illinois / Colorado
New York / Pennsylvania
New Jersey

MICHAEL FINNEGAN
Minnesota / Wisconsin
California / New York

MIKE RECK
California / New York
Texas / Pennsylvania

ELIN LINDSTROM
Minnesota / Wisconsin
New York

TRUSHA GOFFE
Minnesota
Washington DC
New Jersey / New York

PATRICK STONEKING
Minnesota / Wisconsin
New York / North Dakota

JOSH PECK
Minnesota

MOLLY BURKE
Minnesota

JENNIFER STEIN
California

NAHID SHAIKH
New York / New Jersey

TAYLOR STIPPEL SLOAN
Minnesota / New York

STACEY BENSON
Minnesota / New York

NEDA LOTFI
California

SAM COLICH
Minnesota

CLAYTON HINRICHS
Minnesota

JACK BOYD
New Jersey / Missouri
New York

ALEXIS REDD
New York / New Jersey

RENEE CASTAGNA
California

KARIN LANG
California

PARKER ESTENSON
California / Minnesota

JORDAN R. EGAN
Minnesota

OFFICE: 651.227.9990 / FAX: 651.297.6543 / WWW.ANDERSONADVOCATES.COM / MAIN OFFICE: 366 JACKSON STREET, SUITE 100 / ST. PAUL MN 55101
OFFICE LOCATIONS: Minnesota / California / Illinois / New York

Page 2
March 7, 2025

To address the concern that simultaneous civil discovery could interfere with timely and effectual criminal prosecutions, Congress included a stay provision: "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). For purposes of the statute, "a 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2).

Here, the stay of Plaintiffs' civil action operated as Congress intended: Plaintiffs took no action in their civil case and Plaintiff JA-Minor Doe 1 was a crucial witness in the Government's investigation, indictment, prosecution, and conviction of Defendant. The Government completed its investigation, uncovered necessary evidence, elicited testimony, prosecuted Defendant, and obtained a successful jury verdict.

Moreover, "at least three courts that considered the legislative history of the TVPRA have held that the mandatory stay provision was designed to protect the DOJ's ability to *try* criminal cases unfettered by the complications of civil discovery and not to help defendants delay civil actions." *Tianming Wang v. Gold Mantis Construction Decoration (CNMI), LLC.*, No. 1:18-CV-0030, 2020 WL 5983939, at *2 (D.N. Mar. Is. Oct. 9, 2020) (quoting *Plaintiff A v. Schair*, 744 F.3d 1247, 1254 (11th Cir. 2014)) (internal quotations omitted) (emphasis added).

2. **Defendant was criminally convicted two years ago and sentenced a year and a half ago; Plaintiffs are entitled to their day in court.**

Plaintiffs initiated this civil action in September 2021, which was promptly and appropriately stayed consistent with the law previously discussed. *See* 18 USC § 1595(b)(1) ("Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.")  In March 2023, a jury found Defendant guilty, and in August 2023, he was sentenced. Significantly, 18 USC § 1595(b)(2) defines "criminal action" as including "investigation and prosecution and is pending until final adjudication on the trial court." And final adjudication is generally interpreted to mean sentencing. *See e.g.*, *In re Enron Corp. Securities, Derivative & "Erisa" Litig.*, 391 F. Supp. 2d 541, 575 (S.D. Tex. 2005) ("The case law is clear that a criminal adjudication is not final until a sentence is imposed on the defendant.")

Thus, two years have passed since Defendant was convicted and arguably a year and a half has passed since the final adjudication in Defendant's criminal case. Furthermore, the United States Court of Appeals for the Eighth Circuit has now affirmed Defendant's conviction. Yet, Plaintiffs still awaits their opportunity to proceed with her civil case.

Despite the thorough Eighth Circuit Court of Appeals ruling, Defendant's March 7, 2025, letter to the Court demonstrates that Defendant intends to continue to challenge his conviction in multiple ways: (1) by motion to the Eighth Circuit; (2) by

Page 3
March 7, 2025

motion to the district court; (3) and by petition for certiorari. These challenges will take yet more time. Plaintiffs are unaware of statutory or common law that supports continuing the stay of Plaintiffs' civil TVPRA case at this stage in the proceedings. Defendant's right to continue to pursue legal challenges to his criminal conviction should no longer preclude Plaintiffs from pursuing justice in their civil claim.

Thank you for your consideration in this matter.

Respectfully submitted,

Molly Burke
molly@andersonadvocates.com

MB:ed

cc:     Counsel of Record